**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,                                 Case No. 3:05CR744

    Plaintiff

v.                                                         **ORDER**

William C. Davis,

    Defendant

      This is a criminal case in which the defendant plead guilty to twenty-four counts in an indictment arising from his operation of a Ponzi scheme. I sentenced him at the upper end of the Guideline Range (188 months, plus a sixty month concurrent sentence). He sought unsuccessfully to challenge his conviction, but his waiver of his right to appeal in his plea agreement precluded the success of that effort.

      Thereafter, the defendant asked that I reduce the amount of the restitution award on the basis of clerical error. After I initially did so (Doc.128), the government sought reconsideration and persuaded me that I had lacked jurisdiction to rule on the defendant's request. (Doc. 133).

      Now pending is the defendant's motion, which he files under Fed. R. Civ. P. 60(b), for relief from my loss amount findings at sentencing (over $7 million – a figure to which he agreed at the time) and a corresponding reduction in his sentence. (Doc. 134).

The government opposes the motion on several grounds. I need address only one: namely, that Fed. R. Civ. P. 60(b) is not applicable in this criminal case. That is indisputably correct. *E.g., U.S. v. Damon*, 59 Fed. App'x 619, 621 (6th Cir. 2003) (Unpublished disposition).

In reply, defendant argues equities. He now laments the effect of his foolhardy five-page repudiation of responsibility that he filed shortly before sentencing. He contends that, at age sixty-nine, and after serving ten years of his sentence, its terms have had an unduly harsh effect.

The defendant's multiple and deliberate crimes had drastic consequences on many people, some of whom were elderly at the time, and included members of his own family. He earned and deserved the sentence he received and now is serving it in light of the lives he changed forever, and, in many instances, devastated financially and emotionally.

There is no merit to the defendant's motion.

It is, accordingly, hereby

ORDERED THAT the defendant's motion for relief (Doc. 134) be, and the same hereby is denied.

An appeal from this Order could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge