IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:05CR744

      Plaintiff

   v.  **ORDER**

William C. Davis,

      Defendant

     This is a criminal case in which the defendant, William C. Davis, moves for a reduced sentence under 18 U.S.C. § 3582(c)(2). (Doc. 145).

     Davis pled guilty in 2007 to mail fraud, bank fraud, theft from a pension plan, and making a false statement in connection with an ERISA plan.

     His base offense level, under U.S.S.G. § 2B1.1(a), was 6. The total offense level, however, was 34 after I imposed: 1) a twenty-level enhancement under § 2B1.1(b)(1)(K) due to the amount of loss; 2) a four-level enhancement under § 2B1.1(b)(2)(B) due to the number of victims; 3) a two-level enhancement under § 3B1.3 for Davis's abuse of a position of trust; and 4) a two-level enhancement under § 2B1.1(b)(8)(C).

     The total offense level, combined with Davis's Category I criminal history, yielded a Guidelines range of between 151 and 188 months' imprisonment.

     I sentenced Davis to 188 months' imprisonment.

Davis alleges in the pending motion that I should reduce his sentence because "a change in the Federal Sentencing Guidelines gave the Sentencing Court spectrum to lighten the sentencing for non-violent offenses with a goal of reducing the prison population." (Doc. 145 at 3).

In support, Davis notes that he is a "model inmate" who has already served the bulk of his sentence, and that "society has already spent way too much money" – over $500,000, according to Davis's tally – "to keep me in jail." (*Id.*). He also emphasizes his advanced age and deteriorating health. (*Id.*).

The government opposes the motion. (Doc. 150). It argues that Davis has not identified a relevant Amendment that the Sentencing Commission has made retroactive.[1]

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. U.S.*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

"Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Id.* at 821. But if the Commission does not make an Amendment retroactively applicable, the Amendment does not permit me to reduce an otherwise final sentence. *E.g.*, *U.S. v. Jackson*, 108 F. App'x 338, 340 (6th Cir. 2004).

---

[1] It also argues that, even if there were a retroactively applicable Amendment relevant to Davis's case, it would be inconsistent with the Sentencing Commission's policy statements to apply it in Davis's case. Given my disposition of the motion, I do not reach this issue.

2

While the basis of Davis's motion is unclear, it appears, from his reference to the "October . . . 2015" change in the Guidelines (Doc. 145 at 3), that he is relying on Amendment 791.

That Amendment, which took effect in November, 2015, altered the amount-of-loss table in Guideline § 2B1.1 that applies to fraud crimes. Had the Amendment been in effect at the time of Davis's sentencing, he would have received only an 18-level enhancement (rather than a 20-level enhancement) for the amount of loss, thereby reducing his total offense level to 32.

But as the Government accurately points out, the Sentencing Commission did not make Amendment 791 retroactive. *See* U.S.S.G. § 1B1.10(d) (list of retroactively applicable Amendments); *U.S. v. McMillan*, 2016 WL 1070833, *1 & n.1 (N.D. Ohio) (Nugent, J.) (recognizing that Amendment 791 does not apply retroactively).

Accordingly, Davis is not eligible for a sentence reduction.

In his reply brief, Davis argues he should receive a sentence reduction based on the amount of restitution made to his victims. (Doc. 151 at 1).

Davis agreed at the time of sentencing, however, that he had caused a loss in excess of $7,000,000. (Doc. 76 at 1). The twenty-level enhancement was therefore proper, and the fact that some restitution has since occurred does not give me authority to reduce Davis's sentence.

It is, therefore

ORDERED THAT: Davis's motion to reduce sentence (Doc. 145) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge